# IN THE COURT OF APPEALS OF IOWA

No. 16-0383
Filed May 11, 2016

**IN THE INTEREST OF N.D.,**
**Minor child,**

**F.D., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Buena Vista County, Mary L. Timko, Associate Juvenile Judge.

A mother appeals from the juvenile court order terminating her parental rights. **AFFIRMED.**

Lisa K. Mazurek of Miller, Miller, Miller, P.C., Cherokee, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Andrew J. Smith of Mack, Hansen, Gadd, Armstrong & Brown, P.C., Storm Lake, for minor child.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

The mother appeals from the order terminating her parental rights to her child, born in May 2013.[1]  The juvenile court terminated her parental rights pursuant to Iowa Code section 232.116(1)(d), (g), (h), and (*l*) (2015).  The mother maintains the State failed to prove any of the statutory grounds by clear and convincing evidence.  She does not claim termination was not in the child's best interests, nor does she claim that a permissive factor weighs against termination.

We review the termination of parental rights de novo.  *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).  On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence.  *Id.*

The mother has been involved with the Iowa Department of Human Services since she was adjudicated a child in need of assistance at age thirteen.  In the ten years since, the mother has been in and out of substance abuse treatment, with her longest period of sobriety lasting approximately one year.  Although the mother has suffered significant trauma in her past, she has only recently started dealing with the resulting issues and considering how they relate to her drug abuse.  The mother admits she was not fully engaged in drug treatment or therapy during any of her previous "episodes"—of which there are many.  She contends that this time is different.  However, the mother's testimony demonstrates she has not yet appreciated the danger of the situations she put her child in, including caring for him while she was high on methamphetamine

---

[1] The parental rights of the father were also terminated.  He does not appeal.

and leaving him with other known drug users while she engaged in high-risk sexual encounters for money and drugs.

Upon our de novo review of the record, there is substantial evidence to support the juvenile court's comprehensive and detailed order terminating the mother's parental rights pursuant to Iowa Code section 232.116(1)(h). According to the mother's testimony, she had been sober approximately six months at the time of the termination hearing.[2] However, the mother has a history of succeeding—or at least giving the appearance of succeeding—while residing in a structured facility and then relapsing within a short time of being discharged. The mother has not been able to establish that she can succeed outside of a structured environment, and N.D. needs permanency now. *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) (citing *In re J.E.,* 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (noting the "defining elements in a child's best interest" are the child's safety and the "need for a permanent home")).

Because there is clear and convincing evidence to support termination of the mother's parental rights pursuant to Iowa Code section 232.116(1)(h), we affirm the juvenile court order terminating the mother's parental rights without further opinion. *See* Iowa Ct. R. 21.26(1)(e).

**AFFIRMED.**

---

[2] The termination hearing took place over three separate dates, on October 6, 2015; October 29, 2015; and January 21, 2016. At the final day of the hearing, the mother testified she was approximately 193 days sober.